Atkinson, J.,
delivered the opinion of the court:
This is a suit for the recovery of purchase money paid to the United States by the claimant, George J. Miller, on an entry of public lands, which entry was subsequently canceled by the Commissioner of the General Land Office at the request of the entryman and claimant. Claimant, in 1897, made a preemption cash entry for certain lands, and subsequently requested the Commissioner of the General Land Office to cancel the same and permit him to make, in lieu thereof, a homestead entry, which was refused for the reason that the claimant had theretofore made homestead entry and had filed final proof therefor in 1884. The claimant then made application to the Commissioner for repayment to him, under the provisions of section 2 of the act of June 16, 1880 (21 U. S. Statutes, 287, and Supplement to Revised Statutes, 300), which application was denied by the Commissioner for the reason that repayment in such cases was not authorized or allowed by law.
Respecting the refund of purchase money (under the statutes above cited) by the Secretary of the Interior to the entryman where the entry was canceled for conflict, or where from any cause such entry was erroneously allowed and could not be confirmed, or where double minimum price had been pai dfor lands which were afterwards found to be not within the limits of a railroad land grant, the excess *123 of $1.25 per acre is authorized to be paid to the purchaser or to his heirs or assigns.
Counsel for claimant states that this suit was brought upon the theory that the money paid to the United States could be recovered by claimant, either as money had and received by the United States from and for the use of the claimant, or upon the ground that when the original contract of purchase was annulled by mutual agreement between the claimant and the United States and a new contract or purchase at a much smaller figure was substituted therefor an implied condition arose and was written into the new contract, which implied condition bound the United States to repay to the claimant the $400 in question.
We do not regard this contention as permissible, because the record shows that the money was voluntarily paid to the agent of the Government by the claimant after his attention had been called by the receiver of the land office at Water-ville, Wash., to the risk on claimant’s part attending such act. If therefore a mistake were made by either party to the transaction, it was a mistake of law which, under its jurisdiction, this court can not correct, because it is not denied .that the transaction between the officials of the land office and the claimant was at the time acceptable to both and without any complaint on the part of claimant.
The single question involved in this case was definitely determined by the Supreme Court in Edmonston’s case (181 U S. R., 500), wherein the court laid down the principle that one who pays money to Government officials in charge of public lands in excess of that required by law can not recover such excess in an action against the United States in this court. While the rule there laid down may in some instances appear harsh and inequitable (which may be true of the case at bar), yet it is not purely technical; on the contrary, it is based upon the principle that where a business transaction is voluntarily closed between two or more persons, where neither fraud nor mistake appears, it should remain closed. As was said by an eminent jurist, “ courts are not established to unsettle the transactions of men.”
The petition is dismissed.